# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1902.

### Moses S. Beyer et al. v. Samuel Martin.

1. INSTRUCTIONS—*Giving Undue Prominence to Particular Facts, Misleading.*—An instruction which gives undue prominence to particular facts is misleading.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Tazewell County; the Hon. NICHOLAS E. WORTHINGTON, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

DAILEY & JACOBSON and WILLIAM A. POTTS, attorneys for appellants.

W. B. COONEY and W. R. CURRAN, attorneys for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This suit was brought by appellee against appellants Beyer and Yentes upon a contract for sawing lumber, upon which it was claimed by appellee a large amount was due him for work unpaid, and damages were also claimed because, as it is alleged, appellants prevented appellee from performing the contract. The verdict was for $814.75, and the court, after overruling appellant's motion for a new trial, gave its judgment, and this appeal was taken. Various errors have been argued to effect a reversal of the judgment.

(1)

There was conflict of evidence upon the material issues whether anything was due or unpaid for work under the contract, or that appellants interfered in any way, or prevented appellee from performing his contract. Appellee accepted $350 from appellants, and gave his receipt in writing for that amount in which it was declared to be in full settlement. Appellee disputed the settlement, claiming it was not intended as such. He also testified that Yentes refused to allow him to work further under the contract and declared to him that he would not pay for further work under the contract.

Appellee had bought the mill, used by him, of Yentes as an individual transaction, apart from his partnership with Beyer, upon which appellee had given a chattel mortgage to secure part of the purchase price, and this the court admitted in evidence against the objection of appellants, on the theory, as explained by counsel for appellee in their argument, that the mortgage, and its subsequent use by Yentes, was a part of a plan of appellants, to put appellee out of possession and thus prevent his performance of the contract. There is nothing in the evidence that can be discovered by a fair consideration of it to support such contention. The transaction of the mortgage was wholly with Yentes, and by its terms he was legally justified in pressing for payment, and the mere fact that he was partner of Beyer, was no excuse to burden the latter or the partnership with the difficulties growing out of the mortgage. Besides, if it was, no reason is perceived for withholding from them their ordinary rights and remedies for a failure on the part of appellee to discharge the obligations imposed upon him by the terms of the notes and mortgage he had entered into. We think the introduction of the notes and mortgage in evidence and the use made thereof by Yentes was improper and prejudicial, especially in view of the unsatisfactory state of the evidence otherwise. It is difficult to reconcile from all the evidence in the case, that the payment of the $350 to appellant and his receipt therefor in full settlement, was not in fact what it purported to be upon its face. At any rate

such a state of evidence required the instructions to the jury to be accurate, and this element, we are compelled to say, is wanting. The twelfth, thirteenth and fourteenth instructions given to the jury at the instance of the plaintiff, relative to such payment and the receipt, call attention to particular portions of the evidence, such as that if the parties had not measured up all lumber sawed and had not figured up and audited their account to ascertain how the balance stood, and if there was yet after such payment an amount due to plaintiff, and no final settlement was made, the jury should find the issues for the plaintiff. These instructions, besides being subject to the objection already pointed out, that they gave undue prominence to particular facts, and were therefore misleading, also ignored the other fact the evidence tended to prove, that appellee had voluntarily stated to appellants the amount due to him, and the further fact, justly inferable, that he himself had measured the lumber and ascertained the proper amount, and appellants had accepted and acted upon his own statement, in that behalf. Such evidence could not properly have had an effect otherwise than strongly to prove the correctness of appellants' contention, and it was prejudicial error to ignore it in an instruction assuming, as these did, to recite the ultimate facts upon the issue presented by them.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial.